UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| PHILIP PULVER and CATALOGS ONLINE, INC., a Washington corporation,<br><br>  Plaintiffs,<br><br>  v.<br><br>BATTELLE MEMORIAL INSTITUTE, a non-profit corporation, dba PACIFIC NORTHWEST NATIONAL LABORATORY; JOHN DOE I through JOHN DOE XX,<br><br>  Defendants. | NO. CV-05-5028-RHW<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION, AWARDING ATTORNEY'S FEES** |

Before the Court are Defendants' Amended Memorandum Regarding Costs of Opposing Plaintiffs' Motion to Compel (Ct. Rec. 90) and Plaintiffs' Motion for Reconsideration (Ct. Rec. 91). A telephonic hearing took place on October 2, 2006. Floyd Ivey appeared on behalf of Plaintiffs; Delbert Miller appeared on behalf of Defendants. Both of the matters before the Court arise from the Court's order denying Plaintiffs' motion to compel (Ct. Rec. 83).

**I.    Defendant's Request for Attorney's Fees**

Federal Rule of Civil Procedure 37(a)(4) makes mandatory the award of expenses to a party who successfully opposes a motion to compel discovery unless the Court finds the making of the party's motion "was substantially justified or that other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(4). Defendant submits Plaintiffs' motion to compel was not substantially justified. It

ORDER DENYING PLAINTIFFS' MOTION FOR
RECONSIDERATION, AWARDING ATTORNEY'S FEES * 1

argues there was no failure on its part to produce documents, and points out that this was the second complex discovery motion filed by Plaintiffs.[1]  Defendant states the discovery motions in this case stem not from an unwillingness to produce documents on its part, but from the attempt by Plaintiffs to formulate document requests in a novel and cumbersome manner designed to shift to Defendant document handling and organization burdens.

The record reflects that the Motion to Compel was preceded by formal detailed objections, lengthy conversations, and comprehensive correspondence between counsel.  The language of the Court's order denying Plaintiffs' motion to compel itself indicates their request was not substantially justified: The Court characterized the request as "unreasonably duplicative," "basically a request to make Defendant search and sort the documents it already produced," and "not relevant to the matter at hand."  (Ct. Rec. 83, at 3, 4, 5).  Defendant states its fees incurred in responding to Plaintiffs' motion amount to $17,043, or 59.8 hours at a rate of $285, which is reasonable and reflects the complicated nature of Plaintiffs' original motion.

Plaintiffs assert their motion to compel was brought in good faith.  To support their position that their motion was substantially justified, Plaintiffs rely on their motion to reconsider, discussed below, and they list the documents Defendant has produced since its final pleadings on the motion to compel.  These documents were recently produced in response to the request for production to which Defendant objected.

Rule 37(a)(4)(A) states the district court shall, after granting a motion to compel, require the party whose conduct necessitated the motion to compel to pay

---

[1] The first was Plaintiffs' Motion Compelling Defendant to Produce Documents in Searchable Format (Ct. Rec. 49).  This motion was also denied (Ct. Rec. 70).

ORDER DENYING PLAINTIFFS' MOTION FOR
RECONSIDERATION, AWARDING ATTORNEY'S FEES * 2

reasonable expenses "[i]f the motion is granted *or if the disclosure or requested discovery is provided after the motion was filed*, . . . ." Fed. R. Civ. P. 37(a)(4)(A). Plaintiffs submit this language, along with Defendant's provision of documents in response to the request for production to which it objected, supports the conclusion that its motion was substantially justified.

Defendant has not withdrawn its objections to Plaintiffs' requests for production which led to this motion to compel. Defendant admits that it continues to produce documents pursuant to those requests, but it points out that the documents it is producing are relevant and that it never objected to producing these sorts of documents. It objected to the word search format of Plaintiffs' request and its repetitive nature. Defendant's continued production of documents is required by Rule 26(e), and it does not negate the Court's denial of Plaintiffs' motion to compel. Plaintiffs misconstrue the language in Rule 37(a)(4)(A). The Rule simply means that a capitulation by an uncooperative party after a court grants a motion to compel will not excuse the party from paying the reasonable costs incurred in filing the motion. Fed. R. Civ. P. 37(a)(4)(A). It does not mean that production of relevant documents that could fall under the objectionable request for production render a motion to compel that has been denied "substantially justified."

The Court finds Plaintiffs' motion to compel was not substantially justified, and it must therefore award Defendant reasonable expenses.

## II. Plaintiffs' Motion for Reconsideration

"[A] motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (quoting *389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised

ORDER DENYING PLAINTIFFS' MOTION FOR
RECONSIDERATION, AWARDING ATTORNEY'S FEES * 3

earlier in the litigation. *See id.*

Plaintiffs' motion to reconsider the Court's order denying their motion to compel is likewise based on Defendant's subsequent production of documents that fall under the requests for production to which Defendant objected. Plaintiffs argue that the fact of Defendant's production of these relevant documents negates the basis of Defendant's objection. The documents were not duplicates and had not before been produced. Plaintiffs reason that the Court's order denying its motion should be reversed because their request was not duplicative or unreasonably burdensome.

However, as stated above, Defendant objected to Plaintiffs' requests for production due to their format. The production of documents that fall into the broad categories described in Plaintiffs' discovery requests does not negate the fact that those requests were objectionable.

Plaintiffs also ask the Court to reconsider its decision regarding discovery of material related to "RDADS". The Court denied Plaintiffs' motion to compel production of information related to RDADS because the plain language of the license agreement and Defendant's declarations indicated "that the RDADS software is not relevant to the matter at hand." The Court further found that discovery related to RDADS will not lead to discoverable evidence because no private commercialization efforts are currently being considered for RDADS. The Court noted that if and when Defendant does commercialize RDADS, Plaintiffs may file another claim and discover all evidence related to it.

Plaintiffs submit argument and evidence that shows, in their opinion, that RDADS is being commercialized. However, nothing in their argument or the evidence produced shows there are private commercialization efforts for RDADS.[2]

---

[2] The "IR&D" proposal for the commercial development of RDADS attached as Exhibit 8 to Plaintiffs' motion to reconsider was rejected. (Ct. Rec. 95,

ORDER DENYING PLAINTIFFS' MOTION FOR
RECONSIDERATION, AWARDING ATTORNEY'S FEES * 4

Plaintiffs have produced no new evidence, nor have they shown clear error or an intervening change in case law that warrants a reconsideration of the Court's previous order denying their motion to compel.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs **shall pay** Defendant reasonable fees and expenses related to its defense of Plaintiffs' motion to compel in the amount of $17,043.

2. Plaintiffs' Motion for Reconsideration (Ct. Rec. 91) is **DENIED.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 13th day of October, 2006.

*s/ Robert H. Whaley*

ROBERT H. WHALEY
Chief United States District Judge

Q:\CIVIL\2005\Pulver\deny.reconsider.wpd

---

Def.'s Resp. Mem., at 6).