UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

PHILIP PULVER and CATALOGS
ONLINE, INC., a Washington
corporation,

            Plaintiffs,

            v.

BATTELLE MEMORIAL
INSTITUTE, a non-profit
corporation d/b/a PACIFIC
NORTHWEST NATIONAL
LABORATORY; and JOHN DOE I
THROUGH JOHN DOE XX,

            Defendant.

NO.  CV-05-5028-RHW

**ORDER GRANTING
DEFENDANT'S MOTIONS TO
DISMISS AND FOR SUMMARY
JUDGMENT**

      Before the Court are Defendant's Motions for Summary Judgment (Ct. Rec. 291) and to Dismiss (Ct. Rec. 320), along with numerous motions filed by both parties (Ct. Recs. 318, 323, 325-27, 328, 329, and 346). The Court heard argument on these motions on July 12, 2010. Plaintiff Pulver proceeded *pro se*; Defendant was represented by Delbert Miller. For the reasons set forth below, the Court grants Defendant's Motions to Dismiss, for Summary Judgment, and to Strike, denies the remaining pretrial motions as moot, and dismisses the case.

## Motion to Dismiss

      Defendant moves the Court to dismiss all Plaintiffs' remaining claims for failing to prosecute them through a licensed attorney (Ct. Rec. 320). On May 28,

**ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS AND FOR
SUMMARY JUDGMENT * 1**

2010, this Court granted Plaintiffs' counsels' Motion to Withdraw (Ct. Rec. 305). Defendant argues that the only parties subject to the contract (the MDM and TAP Agreements) are Defendant as Licensor, and Mobile Data Methods, Inc., as Licensee. Therefore, Defendant's motion is premised on the basis that a corporation cannot appear *pro se*.

"In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."  28 U.S.C. § 1654. The portion of the statute granting permission to the parties to "plead and conduct their own cases personally" has been uniformly construed as authorizing individuals who are parties to an action to appear *in propria persona*, but only where they are representing themselves alone. *C.E. Pope Equity Trust v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987). Non-attorneys are barred from representing corporations or unincorporated associations. *Church of the New Testament v. U.S.*, 783 F.2d 771, 773-74 (9th Cir. 1986). Such entities are, by their very nature, unable to appear in person and must act through representatives. *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) ("It has been the law for the better part of two centuries...that a corporation may appear in federal court only through licensed counsel."); *accord U.S. v. Unimex*, 991 F.2d 546, 549 (9th Cir. 1993) ("Counsel is essential for a corporation at trial because it cannot appear *pro se*."). This proposition is also recognized in the Eastern District's Local Rules ("A corporation including a limited liability corporation, a partnership including a limited liability partnership, an unincorporated association, or a trust may not appear in any action or proceeding *pro se*." L.R. 83.6.).

Plaintiffs properly acknowledge that a corporation must be represented by counsel (Ct. Rec. 341, p.2). The question then becomes whether Plaintiff Pulver himself has standing to maintain this breach of contract claim in his individual capacity.

**ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT** * 2

When interpreting a contract, the Ninth Circuit has emphasized:

> "[a] written contract must be read as a whole and every part interpreted with reference to the whole, with preference given to reasonable interpretations. Contract terms are to be given their ordinary meaning, and when the terms of a contract are clear, the intent of the parties must be ascertained from the contract itself. Whenever possible, the plain language of the contract should be considered first."

*Flores v. Am. Seafoods Co.,* 335 F.3d 904, 910 (9ᵗʰ Cir. 2003) (quoting *Klamath Water Users Protective Ass'n v. Patterson,* 204 F.3d 1206, 1210 (9th Cir. 1999). "A mere agent of a disclosed principal is not a party to a contract and is not liable for the principal's nonperformance." *Delta Mech., Inc. v. Garden City Group, Inc.,* 345 Fed. Appx. 232, 234 (9th Cir. 2009). "Unless otherwise agreed, a person making or purporting to make a contract with another as agent for a disclosed principal does not become a party to the contract." *Legacy Wireless Servs. v. Human Capital, L.L.C.,* 314 F. Supp. 2d 1045, 1054 (D. Or. 2004).

The law has generally imposed an intracorporate exhaustion requirement on shareholders [plaintiffs] seeking to vindicate a right which may properly be asserted by the corporation. *Kayes v. Pacific Lumber Co.,* 51 F.3d 1449, 1463 (9th Cir. 1995). "Where there is an injury to the corporation, the cause of action should be brought by the corporation, or by the shareholders [owners] derivatively if the corporation fails to act; only for separate individual damages does an individual cause of action lie." *Sherman v. British Leyland Motors, Ltd.,* 601 F.2d 429, 440 (9th Cir. 1979) (sole shareholder had no standing to assert either federal or state law claims); *Von Brimer v. Whirlpool Corp.,* 536 F.2d 838, 846 (9th Cir. 1976) (majority shareholder may not assert state law claims despite economic injury to him). To have standing to maintain an action, a shareholder must assert more than personal economic injury resulting from a wrong to the corporation. *Id.*

Here, the contract at issue ("License Agreement Between Battelle Memorial Institute and Mobile Data Methods, Inc.," Ct. Rec. 82-2), was signed on behalf of

**ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT \* 3**

Mobile Data Methods by Pulver, titled as "President." According to the Fourth Amended Complaint, Mobile Data Methods, Inc. is a dba of Plaintiff Catalogs Online, Inc. (Ct. Rec. 82, p. 2). Nowhere within the MDM and TAP Agreements is Plaintiff Pulver indicated as a party in his individual capacity.

Similar to the facts here, *Von Brimer*'s company had a patent on a piece of machinery that was subject to a contract with defendant's company, a purchaser of the patented item. 536 F.2d at 846. *Von Brimer* alleged the defendant created a similar item and intentionally interfered with the contractual relationship. *Id. Von Brimer*'s claim was barred in that, as an owner, he could not assert an individual claim as a shareholder that should be made by his company. *Id.* The court reasoned that a shareholder cannot support a personal cause of action except when the action is based on a right belonging severally to him. *Id.*

Plaintiffs cite this Court's January 29, 2009, Summary Judgment Order to support an argument that Plaintiff Pulver is in fact the party in interest with respect to the MDM and TAP Agreements.[1] In the Order's context, the portion Plaintiffs cite was merely to address a threshold matter Defendant raised. Defendant asserted that Plaintiff was not the real party in interest because Plaintiff signed the license agreements on behalf of nonexistent entities. Plaintiff's response relied on a general rule of law that, "absent unfair prejudice, an individual purporting to act as a corporation is a party to a contract signed in the name of the nonexistent corporation." *White v. Dvorak,* 78 Wash. App. 105, 107-08 (1995).

Defendant asserts that "[t]he fact that Mr. Pulver signed documents as a corporate representative and that, as an officer, he was the individual with whom communications took place does not indicate that the corporate form was

---

[1] "At all relevant points, all parties have accepted and proceeded on the premise that Plaintiff Pulver is the real party in interest. Plaintiff's signature appears on all documents, Plaintiff personally conducted all dealings with Defendant, and (with the exception of this new argument) the parties have always accepted that Plaintiff actually held the licenses in question...." Ct. Rec. 253, p. 8.

**ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT** * 4

1  disregarded by him or by Battelle. Corporations always act through individuals (Ct.

2  Rec. 321, p. 5)." Furthermore, "[r]eal party in interest and failure to join

3  indispensable  parties have always been present as affirmative defenses alleged in

4  this case."

5     The context in which the Court rejected Defendant's threshold argument in

6  the previous summary judgment order is importantly distinct from the current

7  context. There, the question was whether Plaintiffs (including Catalogs Online,

8  Inc.) could assert a breach of contract claim where the contract was signed by a

9  non-existent corporation that is a "dba" of Catalogs Online, Inc. The question here

10  is whether Plaintiff Pulver *himself* can assert such a claim on behalf of the

11  corporation. According to *Sherman* and *Von Brimer*, discussed above, the Court

12  finds that he cannot. As Defendant points out, allowing Plaintiff to assert the claim

13  in his individual capacity would essentially require piercing the corporate veil, and

14  no facts here indicate that the parties disregarded the corporate form during any

15  stage of their dealings, nor does the license agreement reserve any rights to

16  Plaintiff Pulver personally.

17     The law here is simple and settled. Two propositions emerge that require the

18  Court to grant the motion: (1) a corporation cannot proceed *pro se*; and (2) an

19  individual, even a sole shareholder, lacks standing to assert a corporation's claims

20  in her individual capacity. Therefore, the Court grants the Motion to Dismiss.

21     Alternatively, the Court grants Defendant's Motion for Summary Judgment

22  for the reasons set forth below.

23                    **Motion for Summary Judgment**

24     First, the Court grants Defendants' Motion to Strike (Ct. Rec. 346). Plaintiff

25  has filed two Declarations in opposition to summary judgment, neither of which

26  contains admissible material as required by Fed. R. Civ. P. 56(e). The first

27  Declaration, that of Plaintiff Pulver himself (Ct. Rec. 344), consists largely of

28  Pulver's attempted legal arguments and his opinions about the record. Because this

**ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT * 5**

1   Declaration fails to include the kind of competent evidence based on personal

2   knowledge that would be admissible at trial, Defendant's motion to strike is

3   granted. The second Declaration, that of David Dillman (Ct. Rec. 345), constitutes

4   inadmissible hearsay. The declaration consists only of Dillman's conversation with

5   Plaintiff Pulver about a conversation Pulver had with a Battelle employee. Pulver's

6   statements to Dillman are out-of-court statements offered to prove the truth of the

7   matter asserted, and therefore would be inadmissible at trial as hearsay.

8   Accordingly, Defendant's Motion to Strike both Declarations is granted.

9       The Court previously declined to enter summary judgment on Plaintiffs'

10  breach of contract claim, finding that a factual dispute existed as to whether

11  Defendant delivered to Plaintiffs the results of its "best efforts" under the various

12  contracts at issue. The bulk of Defendant's renewed motion argues that Plaintiffs

13  lack any competent, admissible evidence in support of its version of the facts. In

14  their response, Plaintiffs acknowledge that they do not claim that Defendant failed

15  to exert its best efforts: "Plaintiffs do not doubt that Battelle's Dorow *exerted* best

16  efforts in developing the TAP-funding MDM in 2002-2003... Plaintiffs' Cause of

17  Action 13 has always been that Defendants violated the TAP agreement failing and

18  refusing to deliver the TAP-funded work as required the TAP agreement §1 [sic]."

19  (Plaintiffs' Memo in Opposition, Ct. Rec. 343, p. 6).

20      Therefore, Defendant frames the remaining issue as whether Plaintiffs have

21  any evidence that another, workable version of MDM existed that was not

22  delivered to Plaintiffs in August 2003. Defendant argues that Plaintiffs have none.

23  Defendant asserts that the version of MDM that was demonstrated for Plaintiffs

24  earlier in 2003 was modified at Plaintiffs' direction, and that the only version that

25  existed was the one Plaintiffs received in August 2003. In response, Plaintiffs

26  assert that Defendant should have at least delivered the prior versions of MDM that

27  existed in December 2002 and May 2003.

28      After granting Defendant's Motion to Strike, the Court agrees that Plaintiffs

**ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT * 6**

have failed to create a genuine issue of material fact with respect to the breach element of this claim. It is undisputed that Defendant exerted its best efforts as required, modifying the MDM software at Plaintiffs' directions over the course of several months in 2003. Plaintiffs have submitted no evidence to contradict Defendant's claim that it turned over to Plaintiff the results of those best efforts: the only version of MDM existing at the time the funding expired. Plaintiffs have offered only speculation to support their opinion that another version existed. That the software functioned differently in May 2003 than it did in August 2003 is explained by the continual revisions to the software done at Plaintiffs' behest.

Defendant also argues that Plaintiffs cannot prove the damage element of their breach of contract claim, citing *Lehrer v. DSHS*, 101 Wash. App. 509, 516 (2000) ("Generally, a plaintiff in a contract action must prove a valid contract between the parties, breach, and resulting damage."). This argument has two prongs: (1) Plaintiffs expressly waived their ability to recover any consequential or incidental damages; and (2) Plaintiffs have failed to proffer evidence to show any kind of damages.

As for waiver, the Court previously examined the waiver provisions and found them to be conscionable. (See Ct. Rec. 253, pp. 9-10). Plaintiffs' primary argument in response to this is to cite a case that the Court finds ultimately supports Defendant's argument, *Hawaiian Tel. Co. v. Microform Data Systems, Inc.*, 829 F.2d 919, 924-25 (9th Cir. 1987). First, because this case applies California law, it is only of persuasive authority here. *Hawaiian Tel.* held that a contractual exclusion of consequential damages was inapplicable where a defendant entirely failed to deliver a product as promised. *Id.* at 925. However, the Circuit carefully distinguished this from the facts of a prior case where a seller delivered a product as promised, but could not make it function as represented *Id.* (citing *S.M. Wilson & Co. v. Smith Int'l, Inc..*, 587 F.2d 1363 (9th Cir. 1978)). In *S.M. Wilson*, the Circuit held that such a default was "not so total and fundamental

**ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT * 7**

as to require that [the contract's] consequential damage limitation be expunged from the contract." 587 F.2d at 1375. In contrast, *Hawaiian Tel.* held that the wholesale failure to deliver any product was a more fundamental breach, rendering the damages exclusion inoperable.

Here, *Hawaiian Tel.* suggests that Defendant's breach, if one could be proven, should not be considered so fundamental as to require expunging the damage waiver. Just as in *S.M. Wilson*, Defendant delivered the promised product but allegedly could not make it function as represented. In contrast, the seller in *Hawaiian Tel.* promised to deliver a computerized directory system and utterly failed to do so. Accordingly, these cases guide the Court's conclusion that the damages exclusions are enforceable.

Finally, the Court also finds that Plaintiffs have failed to create a genuine issue of fact as to the existence of damages. In a breach of contract suit for damages only (as this one is; see the Fourth Amended Complaint's Prayer for Relief, Ct. Rec. 82, p. 39), a court may require a plaintiff to demonstrate damages and causation, and "may dismiss a breach of contract action if damages have not been suffered." *Jacob's Meadow Owners Ass'n v. Plateau 44 II, LLC*, 139 Wash. App. 743, 754 (2007). Plaintiffs have failed to proffer any evidence that they suffered damages of any kind. Their response to Defendant's argument is simply: "The casual [sic] nexus between Defendant's actions and Plaintiff's damages will be proven to the jury at trial; summary judgment isn't the place for that." (Ct. Rec. 343). Plaintiffs also point to § 6 of Pulver's Declaration, where he merely states that he retained a damages expert that he intends to produce at trial. (Ct. Rec. 344, p. 22).

Defendant has made a showing that there is no genuine issue of fact as to the existence of damages, the burden has shifted to Plaintiffs, and they have failed to carry it. "Rule 56(c) mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of an element essential

**ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT * 8**

to that party's case, and on which that party will bear the burden of proof at trial."
*Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Therefore, the Court grants summary judgment on this basis as well.

Accordingly, **IT IS HEREBY ORDERED:**

1.  Defendant's Motion to Dismiss Corporate Plaintiff (Ct. Rec. 320) is **GRANTED**.

2.  Defendant's Motion for Summary Judgment (Ct. Rec. 291) is **GRANTED.**

3.  Defendant's Motion to Strike (Ct. Rec. 346) is **GRANTED.**

4.  All remaining motions are **DENIED as moot.**

5.   The District Court Executive is directed to enter judgment in favor of Defendants and against Plaintiffs on all Plaintiffs' cause of action.

**IT IS SO ORDERED.**  The District Court Executive is directed to enter this Order, forward copies to counsel, and **close the file.**

**DATED** this 3rd day of August, 2010.


*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge


Q:\CIVIL\2005\Pulver\dismiss corporate plaintiff.ord.wpd

**ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT * 9**